UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 07-134-KSF
CIVIL ACTION NO. 12-7229-KSF

UNITED STATES OF AMERICA                                             PLAINTIFF

v.                                  **OPINION & ORDER**

CALVIN LEE GODDARD                                            DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the Motion of the Defendant, Calvin Lee Goddard, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct a sentence [DE #420]. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration. After reviewing *de novo* the Magistrate Judge's Report and Recommendation [DE #443] and Defendant's Objections thereto [DE #444, 445], this Court adopts and incorporates the decision of the Magistrate Judge as the opinion of the Court and denies the motion to vacate.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement with the United States, on September 29, 2008, Goddard entered a plea of guilty to one count of attempting to possess with intent to distribute 500 grams or more of cocaine and one forfeiture count [DE # 156]. Sentencing was set for January 5, 2009, but on October 7, 2008, retained counsel Adele Brown, at Goddard's instruction, filed a motion to withdraw Defendant's guilty plea, or alternatively, to release him from custody. She also moved to withdraw as counsel [DE #172]. After a hearing, the Court denied the motion to withdraw the guilty plea, but granted the motion to withdraw as counsel [DE #177].

The Court then appointed Attorney Kathryn Walton to represent Goddard at his sentencing hearing, which was rescheduled for January 26, 2009 [DE #195, 226]. At sentencing, the Court granted the United States' U.S.S.G. § 5K1.1 motions for a reduced sentence and sentenced Goddard to 180 months of imprisonment to be followed by 8 years of supervised release with a special assessment of $100 [DE #226]. The remaining charges against Goddard were dismissed.

Goddard appealed his conviction to the Sixth Circuit. On appeal, he argued that the trial court should have allowed him to withdraw his guilty plea and that he was denied counsel during the hearing on his motion to withdraw the guilty plea [DE #383]. Upon Goddard's motion to have Walton withdraw as counsel, the Sixth Circuit appointed Attorney David Mills in her place . The Sixth Circuit affirmed the trial court's judgment on March 11, 2011 [DE # 383]. Goddard's petition for writ of certiorari was denied by the U.S. Supreme Court on October 3, 2011 [DE #412].

This § 2255 motion was subsequently filed on August 6, 2012 [DE #420]. In his motion, Goddard makes the following allegations: the Court lacked jurisdiction to hear his case, and the statutes upon which he was convicted are unconstitutional; his Plea Agreement is invalid; his counsel provided deficient representation; the Government breached its Plea Agreement obligations; and he was selectively prosecuted. Goddard also requests an evidentiary hearing.

Reviewing the record and the applicable law, the Magistrate Judge concluded that none of the grounds set forth by Goddard afford him any basis for relief. First, the Magistrate Judge determined that Goddard's constitutional and jurisdictional arguments are meritless based on well established Sixth Circuit and Supreme Court caselaw. Second, the Magistrate Judge found that Goddard entered into the Plea Agreement knowingly, voluntarily, and intelligently. As a result, the Magistrate Judge held that the agreement, including its waiver provisions, is enforceable and

precludes the ineffective assistance of counsel claim. Additionally, the Magistrate Judge found that Goddard's ineffective assistance of counsel claim failed on the merits because he failed to satisfy the *Strickland* analysis. Third, the Magistrate Judge concluded that the Government did not breach its plea agreement obligations or any other promises made to Goddard. Finally, the Magistrate Judge found that Goddard's selective prosecution claim is procedurally defaulted and meritless. Having found no merit to Goddard's claims, the Magistrate Judge concluded that his § 2255 motion should be denied and that a certificate of appealability should not issue.

**II.     ANALYSIS**

Goddard filed objections to the Magistrate Judge's Recommended Disposition on April 9, 2012. [DE ##443, 444]. This Court must make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). In his objections, Goddard first objects to the referral of this matter to the Magistrate Judge. He contends that such a referral is inappropriate without his consent. However, the referral to the Magistrate Judge in this case is premised on 28 U.S.C. § 636(b)(1)(B), which clearly provides for referral of § 2255 motions for proposed findings of fact and recommendations.

After *de novo* review, the Court finds that the remainder of Goddard's objections are also without merit. To the extent Goddard contends that the Court lacked jurisdiction over him and that the statutes upon which he was convicted are unconstitutional, he has failed to cite any caselaw or other authority which supplants the Sixth Circuit and Supreme Court caselaw cited by the Magistrate Judge. As to his Plea Agreement, the waiver provision is clearly enforceable and precludes any ineffective assistance of counsel claim. Goddard has failed to come forward with any binding

3

authority otherwise. Nor has Goddard set out any evidence that the Government breached its plea agreement obligations or any other promises that were allegedly made.

By failing to raise the selective prosecution claim on direct appeal, the Court agrees with the Magistrate Judge that this claim is procedurally defaulted. Goddard has failed to demonstrate that he is actually innocent for the offense for which he pleaded guilty, and he has not shown that some impediment prevented him from pursuing this claim on direct appeal. *See Carroll v. United States*, 2006 WL 1459838, at *1 (W.D.Mich. May 24, 2006).

In determining whether a certificate of appealability should issue as to Goddard's claim, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. After review, the Court determines that Goddard has not presented a close call or one which is "debatable" and, therefore, a certificate of appealability will not issue.

## III.     OTHER PENDING MOTIONS

In addition to his § 2255 motion, Goddard has also filed a "Motion for Intervention of Right" [DE #441], wherein he seeks to intervene as a private attorney general representing the United States in order to address the same alleged constitutional and jurisdictional errors asserted in his § 2255 motion. Because this Court has already rejected Goddard's constitutional and jurisdictional arguments, his motion for intervention of right will be denied as moot.

Goddard has also filed a "Motion to Review Habeas Corpus Under Supplemental Authority," citing *"Alleyne v. United States*, 131 S.Ct. 2151," and *"United States v. Hoag*, (No. 11-6105)(6th Cir. July 26, 2013)." In *Alleyne v. United States*, 133 S.Ct. 2151 (2013), the Supreme Court held that any fact that increases a mandatory minimum sentence for a crime is an "element" of a crime which must be submitted to the jury. Goddard has failed to present any argument as to how this case is relevant to his claims before this Court.

*Hoag* is also inapplicable to Goddard's motion. In *Hoag*, the Sixth Circuit held that the defendant should have been permitted to withdraw his guilty plea in light of the new, more lenient statutory penalties set forth in the Fair Sentencing Act of 2010 ("FSA") for crack cocaine offenses based on the Supreme Court's ruling in *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321 (2012), which was decided while the defendant's case was on appeal. *United States v. Hoag*, Sixth Circuit Case No. 11-6105 (July 26, 2013). According to *Dorsey*, however, the more lenient standards of the FSA only apply to defendants who are sentenced after the August 3, 2010 effective date of the FSA. Because he was sentenced before August 3, 2010, Goddard is not entitled to be sentenced under the more lenient standards of the FSA and thus, the Sixth Circuit's reasoning in *Hoag* does not apply to this case. For these reasons, Goddard's motion to review under supplemental authority will be denied.

**IV.    CONCLUSION**

After having considered Goddard's objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Report and Recommendation. Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) the Magistrate Judge's Report and Recommendation [DE #443] is **ADOPTED** as and for the opinion of the Court;

(2) the Defendant's objections to the Magistrate Judge's Recommended Disposition [DE #444] are **OVERRULED**;

(3) Goddard's motion for intervention of right [DE #441] is **DENIED**;

(4) Goddard's motion for review under supplemental authority [DE # 445] is **DENIED**;

(5) the Defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence [DE #420] is **DISMISSED WITH PREJUDICE**;

(6) judgment will be entered contemporaneously with this opinion and order in favor of the United States; and

(7) that this is a final Order and, pursuant to 28 U.S.C. § 2253(c), the Court finds that the Defendant has not made a substantial showing of the denial of a constitutional right and thus no certificate of appealability shall issue.

This September 26, 2013.



**Signed By:**

*Karl S. Forester* KSF

**United States Senior Judge**